**UNITED STATES DISTICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

TIARA POE,

      Plaintiff,

                                 Case:

v.

                                 Hon:

UNIVERSAL LOGISTICS HOLDINGS, INC.,

      Defendant,

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 940-5848
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Tiara Poe, by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC and for her Complaint against Defendant, states as follows:

1.     Plaintiff, Tiara Poe (hereinafter "Plaintiff"), is a resident of the City of Flint, County of Wayne, and State of Michigan.

2. Defendant, Universal Logistics Holdings, Inc. (hereinafter "Universal") is a Michigan corporation, whose principal place of business is located at 12755 E 9 Mile Rd, Warren, MI 48089 and is duly authorized to do business in the State of Michigan.

3. Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c).

4. This Honorable Court has subject matter jurisdiction under 28 USC § 1331, and pendent jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful disability discrimination in violation of the American with Disabilities Act of 1990 ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act, MCLA §37.1101, *et seq.* ("PWDCRA) and which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff was employed by Mid-Michigan Staffing ("Mid-Michigan") and was assigned to work at Defendant, Universal.

9. Plaintiff began her employment with Defendant, Universal in October, 2022 and was most recently employed as an Office Clerk.

10. At all times relevant, Plaintiff was employed by Defendant, Universal and Mid-Michigan who acted as Plaintiff's co-employers.

11. Plaintiff suffers from Asthma and Diabetes which substantially interfere with major life activities including breathing, walking, standing, sitting, eating and communicating and are disabilities under the PWDCRA and the ADA.

12. On or about February 13, 2023 Defendant, Universal had Plaintiff undergo a routine physical examination with Defendant, Universal's designated medical provider.

13. Plaintiff was able to perform the essential functions of her job without an accommodation and at all times was an exemplar employee.

14. During the examination Plaintiff advised that she suffered from diabetes and asthma.

15. The following day, on February 14, 2023 Plaintiff was told by Mid-Michigan that Universal was terminating her employment.

16. When Plaintiff inquired as to why she was being terminated she was told by Mid-Michigan that Defendant, Universal refused to provide a reason for her termination due to "HIPPA concerns."

17. At the time of her termination Plaintiff did not have any disciplinary or performance issues and the only reasonable explanation for her termination and Defendant, Universal's HIPPA concerns was Plaintiff's disabilities.

18. On February 14, 2023, Plaintiff was wrongly terminated due to her disabilities or perceived disabilities in violation of the PWDCRA and the ADA.

19. At all times Plaintiff was an exemplar employee who never had any performance issues and performed her job in a competent manner.

20. Plaintiff filed a Charge of Discrimination against Defendant, Universal with the EEOC for violations of the ADA Charge Number 471-2023-02250.

21. On June 20, 2025, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

## COUNT I
## VIOLATIONS OF THE ADA AND PWDCRA

22. Plaintiff incorporates by reference paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. At all times relevant Plaintiff suffered from diabetes and asthma which substantially interfered with major life activities such as breathing, walking, standing, sitting, eating and communicating and are disabilities under the ADA and PWDCRA, which Defendant perceived or regarded as a disabilities.

27.     Pursuant to the ADA and the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employers and/or supervisors based upon her disabilities.

28.     At all relevant times Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

29.     In fact, Plaintiff did not even need an accommodation to perform the essential functions of her job.

30.     Plaintiff's disability was a factor in Defendant, Universal's employment decisions.

31.     Defendant, Universal was an employer within the meaning of the ADA and the PWDCRA.

32.     Plaintiff was subjected to discriminatory treatment based upon her disability, his perceived or regarded disability, by Defendant, Universal, their employees and agents to the point where his status as an employee was detrimentally affected and he was terminated.

33.     Plaintiff is entitled to exemplary, compensatory, and punitive damages pursuant to the ADA and PWDCRA as a result of each and every violation of these acts, including costs and reasonable attorney's fees.

34.     Defendant, Universal and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

b. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

c. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

d. Taking adverse employment against Plaintiff due to her disability.

35.     As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and their agents and employees.

36.     Because of the unlawful conduct of Defendant, and their agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary

damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI 48025
    (248) 540-6800-telephone
    (248) 940-5848-fax
    sbatey@bateylaw.com

Dated:  July 24, 2025

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES, Plaintiff, Tiara Poe, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  July 24, 2025

8